IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD J. REYNA SR,

                                                                        ORDER
                            Plaintiff,

        v.                                                              10-cv-611-slc

RICK RAEMISCH, JEFFERY PUGH and
Officer VARLEY,

                            Defendants.

In an order dated October 28, 2010, I assessed plaintiff an initial partial payment of the filing fee in the amount of $7.62 and gave him until November 17, 2010, in which to make the payment. In the same order, I told plaintiff that if sufficient funds do not exist in his regular account, he should be allowed to use his release account to pay all or a part of the assessed amount. Now, plaintiff has written a letter in which he says he has recently moved to the Wisconsin Resource Center and that prison officials have refused plaintiff's disbursement requests. I construe plaintiff's letter as a motion for a court order directing prison officials to comply with the October 28 order.

Attached to plaintiff's letter is an "Interview/Information Request" form showing that on November 12, 2010, plaintiff sent a request to the inmate accounts office asking prison officials to send plaintiff's initial partial payment to this court stating that "Being I am indigent [the court] request the money come from my Regular Acc. then Release Acc. if necessary. . ." Plaintiff's request was denied by a VI in Resident Accounts who wrote, "WRC Inmate Accounts needs a direct order from the court. I cannot use your release funds without a direct order to WRC." However, as this court has explained in previous cases, the language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy

an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the state of Wisconsin has conceded that this provision of the Prison Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account.  Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he should be allowed to use his release account to pay the remainder of the assessed amount.  To insure that officials at the prison business office are aware of their responsibilities addressed in this order, I am sending a copy of this order to the warden of the Wisconsin Resource Center.  Further, I will give plaintiff an extension of time until December 22, 2010 in which to pay the $7.62 initial partial payment.

ORDER

IT IS ORDERED that:

(1)     Plaintiff Richard Reyna's motion for a court order directing prison officials to comply with the October 28, 2010 order, dkt. 6, is GRANTED on the conditions that: (1) sufficient funds do not exist in plaintiff's regular account; and (2) sufficient funds do exist in plaintiff's release account;

and

(2)     Plaintiff has until December 22, 2010, to submit a check or money order payable to the clerk of court in the amount of $7.62.  If, by December 22, 2010, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 30th day of November, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge